IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**TERRY RAINES and
CRISSA RAINES,**

       **Plaintiffs,**

v.                                                  Case No.: 3:21-cv-00637

**WESTFIELD INSURANCE COMPANY,**

       **Defendant.**

## MEMORANDUM OPINION AND ORDER SEALING EXHIBITS

Pending before the Court is Plaintiffs' Motion to Seal Defense Exhibits Which Improperly Reveal Plaintiffs' Protected Health Information, (ECF No. 59), requesting that certain exhibits, (ECF Nos. 58-3, 58-4, 58-6, and 58-7), attached to Defendant's Response to Plaintiffs' Motion to Compel and/or Motion for In Camera Review, (ECF No. 58), be filed as sealed. The Court notes that the aforementioned exhibits do contain protected health information. In addition, the Court finds that the same exhibits are attached to Defendant's Corrected Response to Plaintiffs' Motion to Compel and/or Motion for In Camera Review, (ECF No. 61), and are docketed as ECF Nos. 61-3, 61-4, 61-6 and 61-7. The Court has been advised that Defendant has no opposition to the Motion to Seal.

Due to the confidential nature of this information and the fact that the information was submitted in response to a discovery motion, the Court **GRANTS** Plaintiffs' motion to seal and **ORDERS** the Clerk to seal ECF Nos. 58-3, 58-4, 58-6, 58-7, 61-3, 61-4, 61-6, and 61-7. The Motion to Seal itself, (ECF No. 59), should not be sealed.

The undersigned is cognizant of the well-established Fourth Circuit precedent recognizing a presumption in favor of public access to judicial records. *Ashcraft v. Conoco, Inc.,* 218 F.3d 288 (4th Cir. 2000). As stated in *Ashcraft,* before sealing a document, the Court must follow a three-step process: (1) provide public notice of the request to seal; (2) consider less drastic alternatives to sealing the document; and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting alternatives. *Id.* at 302. In this case, the attached exhibits shall be sealed and will be designated as sealed on the Court's docket. The Court deems this sufficient notice to interested members of the public. The Court has considered less drastic alternatives to sealing the documents, but in view of the nature of the information set forth in the documents—which is information generally protected from public release—alternatives to wholesale sealing are not feasible at this time. Finally, the Court finds that sealing these exhibits does not unduly prejudice the public's right to access court documents, in no small part because the documents are part of the discovery process and are not being used to resolve the case.

The Clerk is instructed to provide a copy of this Order to counsel of record and any unrepresented parties.

**ENTERED**: December 7, 2022

_____
Cheryl A. Eifert
United States Magistrate Judge